**SIGNED THIS: January 22, 2007**

_____
**MARY P. GORMAN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In Re                              )
                                   )    In Bankruptcy
FLOYD LYNN HIVELY and              )
CAROL JOANN HIVELY,                )    Case No. 06-71374
                                   )
        Debtors.                   )

# O P I N I O N

The issue before the Court is whether a 2001 cargo trailer the Debtors use to haul food and cooking equipment for their catering business is an exempt "tool of the trade."

The Debtors, Floyd and Carol Hively, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on October 5, 2006. The Debtors operate a grill service which involves preparing food items to be served at social gatherings. The grill service generated income of $19,987 in 2005 and $12,212 in the first nine months of

-1-

2006.

In Schedule B - Personal Property, the Debtors listed a "2001 Cargo trailer 6X12 enclosed" with a value of $1,200. They also listed a "Cooker and equipment" with a value of $300. The cooker and equipment are used to prepare food for the grill service and the cargo trailer is used to haul the equipment and food to catering sites.

In Schedule C - Property Claimed as Exempt, each Debtor claimed a $600 tool of the trade exemption in the cargo trailer and a $150 tool of the trade exemption in the cooker and equipment. The Trustee did not object to the claimed exemption in the cooker and equipment, but she did object to the Debtors' claim of exemption in the cargo trailer. The Trustee asserts that the cargo trailer is a capital asset rather than a tool of modest value and, therefore, is not exempt under the Illinois exemption for tools of the trade.

Illinois has opted out of the federal exemption scheme and requires debtors in bankruptcy to use only those exemptions available under Illinois law. 735 ILCS 5/12-1201. 735 ILCS 5/12-1001(d) provides that a "debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade" is exempt from judgment, attachment, or distress for rent. The Illinois exemption statute does not define "tools of the trade". The Seventh Circuit, in interpreting "tools of the trade"

from §522(d)(6) of the federal exemption scheme, has opined that a narrow interpretation of "tools of the trade" is appropriate. In re Patterson, 825 F.2d 1140, 1146 (7th Cir. 1987). "The purpose of the tools of the trade exemption is to enable an artisan to retain tools of modest value so that he is not forced out of his trade." Id. (Neither a tractor nor cattle are tools of the trade for a farmer.)

The Seventh Circuit's rationale in Patterson has been applied to the Illinois tools of the trade exemption by Bankruptcy Courts sitting in Illinois. In In re Montano, 98 B.R. 390 (Bankr. N.D. Ill. 1989), a debtor's claim of a tool of the trade exemption in a motor vehicle needed for transportation to and from work was denied. The Court reasoned that in order for a vehicle to be a tool of the trade it must be directly used in the business and, perhaps, specially outfitted to assist in the performance of the trade or business. Id. at 392. In In re King, 153 B.R. 229 (Bankr. N.D. Ill 1993), a tool of the trade exemption in a fax machine, copier, desk, and file cabinet was allowed. In In re Zais, 202 B.R. 263 (Bankr. N.D. Ill. 1996), the debtor - a commodity broker - sought to exempt his interest in a seat on the Mid-America Exchange valued at $5,300. Citing Patterson, the Zais court concluded that the seat on the exchange was not a tool of the trade. The Court found that no purpose would be served by allowing a debtor to claim the $750 tool of the trade exemption - the

Illinois legislature raised the exemption amount to $1,500 on January 1, 2006 - for an item valued at $5,300.  <u>Id.</u> *at* 265.  "Tools of modest value, rather than capital assets, appear to be the items sought to be characterized as tools of the trade."  <u>Id.</u>

Considering the relevant authority and the specific facts of this case, the Court finds the cargo trailer to be a tool of the Debtors' grill service trade.  The cargo trailer is specifically used to haul the Debtors' equipment to various job sites.  Because the Debtors do not offer their grill service out of a fixed location, the cargo trailer is needed to transport food and equipment to the various sites where the Debtors actually operate their business.  Moreover, the cargo trailer is of modest value.  The $1,200 value of the cargo trailer falls easily within the $1,500 allowed by the Illinois legislature for tools of the trade.  Allowing the Debtors to exempt the trailer furthers the purpose of the exemption in that it will permit the Debtors to continue in business despite their bankruptcy.  <u>In re Patterson</u>, *supra*, 825 F.2d *at* 1145.

For the foregoing reasons, the Trustee's objection to the Debtors' claim of exemption in the 2001 cargo trailer is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###